UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

HECTOR RAMIREZ PEDRO,

Petitioner,

v.

TODD BLANCHE, U.S. Attorney General, et al.,

Respondents.

Case No.: 3:26-cv-03186-RBM-SBC

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 1]**

Pending before the Court is Petitioner Hector Ramirez Pedro's ("Petitioner") Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") challenging the lawfulness of his detention by United States Immigration and Customs Enforcement. (Doc. 1.) For the reasons below, the Court **GRANTS** the Petition.

## I.    BACKGROUND

Petitioner is a citizen of Guatemala who entered the United States without inspection in or about 2005. (*Id.* ¶ 27.) He has resided here continuously since then, and has no criminal history. (*Id.* ¶¶ 11–12.) On April 30, 2026, while driving in Florida, Petitioner was stopped by a police officer and "subsequently taken into ICE custody based on his immigration status." (*Id.* ¶ 9.) On May 4, 2026, he was issued a Notice to Appear charging him as inadmissible under Immigration and Nationality Act §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i). (*Id.* ¶ 36.) Petitioner is now detained at the Imperial Regional Detention Facility. (*Id.* ¶ 21.)

1

On May 21, 2026, Petitioner filed his Petition.  (Doc. 1.)  The Court set a briefing schedule the next day.  (Doc. 3.)  Respondents filed their Response to Petition on May 28, 2026.  (Doc. 6.)  Petitioner filed his Reply in Support of Habeas Corpus Petition on June 2, 2026.  (Doc. 7.)

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  *Id.* § 2241(c)(3).

## III.   DISCUSSION

Petitioner argues that his detention violates 8 U.S.C. § 1226(a) and the Fifth Amendment's Due Process Clause.  (Doc. 1 ¶¶ 54–72.)  He seeks immediate release or, alternatively, a prompt § 1226(a) bond hearing.  (*Id.*, Prayer for Relief; Doc. 7 at 2–3.)  Respondents do not substantively respond to Petitioner's arguments, noting only that they "do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)."  (Doc. 6 at 1–2.)

The Court has granted petitions filed by similarly-situated petitioners.  *See, e.g.*, *Silvestre-Mendoza v. Noem*, Case No.: 3:25-cv-03206-RBM-DDL, 2025 WL 3512410, at *1–2 (S.D. Cal. Dec. 8, 2025).  In that decision, the Court found that "'a proper understanding of the relevant statutes, in light of their plain text, overall structure, and . . . case law interpreting them, compels the conclusion that § 1225's provisions for mandatory detention of noncitizens seeking admission [do] not apply to someone like [the petitioner],' who has been residing in the United States" for several years.  *Id.* at *1 (quoting *Lopez*

2

*Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025)).  The Court incorporates its reasoning in *Silvestre-Mendoza*, and makes the same findings, here.

There is no dispute that Petitioner was detained on April 30, 2026, in the interior of the United States, after having resided here for 20 years.  (Doc. 1 ¶¶ 9, 27.)  Therefore, the discretionary detention procedures of § 1226 govern Petitioner's detention, and the Petition must be granted.  The Court also finds that immediate release, rather than a bond hearing, is the appropriate remedy.  *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) ("if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid"); *Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").

### IV.   CONCLUSION[1]

For the foregoing reasons, the Petition is **GRANTED**.  Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody.

2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted.  Respondents shall bear the burden of establishing, by clear and convincing evidence,[2] that Petitioner poses a danger to the

---

[1]  In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

[2]  *See Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1095 (S.D. Cal. 2025) ("Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would

3:26-cv-03186-RBM-SBC

community or a risk of flight.[3]

**IT IS SO ORDERED.**

DATE:  June 3, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

likely flee or pose a danger to the community if released.") (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that [a noncitizen] is a flight risk or a danger to the community to justify denial of bond").

[3]  This relief has been granted in similar matters.  *See E.A. T.-B*, 795 F. Supp. 3d at 1324; *Duong v. Kaiser*, 800 F. Supp. 3d 1030, 1043–44 (N.D. Cal. 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119–20 (E.D. Cal. 2025).

3:26-cv-03186-RBM-SBC